IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | : | No. 4:08-CV-597 |
| Plaintiff, | : | |
| v. | : | Judge John E. Jones III |
| DANIEL I. QUIROZ, | : | |
| Defendant. | : | |

## MEMORANDUM

December  16 , 2008

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before this Court is Plaintiff Westfield Insurance Company's ("Plaintiff" or "Westfield") Motion for Default Judgment (the "Motion"). For the following reasons, the Motion shall be granted and judgment in favor of Plaintiff and against Defendant Daniel I. Quiroz ("Defendant" or "Quiroz") shall be entered.

## DISCUSSION:

The instant Motion requests that default judgment be entered against Defendant pursuant to Federal Rule of Civil Procedure 55, the second such motion

to be filed by Plaintiff in the instant case.[1] (Rec. Doc. 8). Rule 55 provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In the instant matter, Plaintiff has filed an affidavit showing that Defendant was personally served with a summons and Complaint on May 13, 2008. (See Rec. Doc. 4). As Plaintiff aptly avers, Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires that defendants file a responsive pleading or a defensive motion within twenty (20) days of being served with a copy of the summons and the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, more than twenty (20) days have passed since service, and Quiroz has yet to file a responsive pleading or a defensive motion to Plaintiff's Complaint.

Per our Order of June 9, 2008, entry of default has been effected, (Rec. Doc. 6), meaning that the instant Motion does not suffer from the same infirmity as its predecessor. Since all of the requisites for granting the instant Motion have

---

[1] Plaintiff's first motion for default judgment (Rec. Doc. 5) was denied per our Order of June 9, 2008 (Rec. Doc. 6) because entry of default had not preceded that motion. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)"); see also Bank of Southside Va. v. Host & Cook, LLC, 239 F.R.D. 441 (E.D. Va. 2007); Mayflower Transit v. Troutt, 332 F. Supp. 2d 971 (W.D. Tex. 2004).

therefore been satisfied, and since the Defendant has utterly failed to comply with the dictates imposed by the Federal Rules of Civil Procedure, we shall grant the Motion and enter judgment in favor of Plaintiff. An appropriate order shall issue.